

FILED
DEC 07 2016

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TODD STANDS ALONE,<br>FKA Todd Brave Crow,<br><br>Defendant. | CR 15-10007-CBK<br><br>OPINION AND ORDER |

## INTRODUCTION

Defendant was charged with tampering with a victim. He signed a plea agreement and factual basis statement on July 15, 2016. He entered a plea of guilty on July 18, 2016. The final presentence investigation report was filed on September 22, 2016. The following day, this Court notified the parties by memo that, after reviewing the report, the Court was of the opinion that the defendant's criminal history category was inadequate to reflect his actual criminal history. The Court pointed out that the sentencing guidelines range would likely exceed the 36 month statutory maximum penalty and that the maximum penalty would be the likely sentence imposed.

The sentencing hearing was scheduled to begin on October 17, 2016. At that time, counsel for the defendant moved to withdraw and that motion was granted. Substitute counsel was appointed and a motion to withdraw plea was filed on defendant's behalf.

## BACKGROUND

On January 23, 2015, a 12 year old girl (hereinafter, "victim") went to the home of Makayla and Franklin Kills in Water to babysit Makayla's three young children. Franklin asked the victim to babysit because Makayla was drunk and Franklin needed to leave for work. On that date, Makayla was on pre-trial release in CR 14-10039, wherein she was charged with assault with a dangerous weapon. Makayla's conditions of release prohibited her from having unsupervised contact with minor children.

According to the victim, Makayla continued to drink. The victim indicated she was going to take the children to the victim's grandmother's house. The victim claimed that, in response, Makayla assaulted the victim, kicking the victim and rendering the victim unconscious. The victim claims that, when she regained consciousness, she ran across the street to her grandmother, Mabel Medicine Crow's, house and reported the assault. Mabel did not report the assault but instead sent the victim to her other grandmother, Gale Brave Crow's, house. Gale cleaned the blood from the victim's hand, face, and hair but also did not report the assault.

The victim claims that, over the course of the next few days, Mabel, Gale, and the victim's uncle, the defendant, intimidated her and discouraged her from reporting the assault. The adults did not want Makayla, who was the defendant's sister, to get into further trouble. The victim apparently claims that defendant intimidated the entire family into not reporting the assault upon the victim so that Makayla would not get into further trouble. The assault came to the attention of authorities when a staff member reported that the victim, who had been seen by the school nurse for bruising and pain, claimed that she had been assaulted.

Makayla was charged with assaulting the victim and Mabel, Gale, and the defendant were charged with tampering with a victim. Makayla entered a guilty plea in the prior pending assault case and was sentenced to 120 months custody. As part of the plea agreement, the assault charge in the present case was dismissed. Following Makayla's sentencing in the other case, the defendant pleaded guilty to tampering with a victim in this case.

Mabel Medicine Crow signed a factual basis statement wherein she admitted that she did not report the assault upon the victim and that defendant and Gale repeatedly discouraged the victim from reporting Makayla's actions. Mabel was granted a pre-trial diversion .

Gale signed a factual basis statement wherein she admitted that she discouraged the victim from talking to anyone about the assault. Gale was granted a pre-trial diversion.

## DECISION

Pursuant to Fed. R. Crim. P. 11(d)(2)(B) (formerly Rule 32(e)), a guilty plea may be withdrawn before sentencing if the defendant "can show a fair and just reason for requesting the withdrawal." United States v. Trevino, 829 F.3d 668, 671 (8th Cir. 2016). The district court may also consider any assertions of legal innocence, the amount of time between the plea and the motion to withdraw, and the prejudice to the government in granting the motion. The defendant bears the burden of showing fair and just grounds for withdrawal. United States v. Mugan, 394

F.3d 1016, 1024 (8th Cir. 2005) (internal citations omitted). However, if the defendant fails to establish a fair and just reason for the withdrawal of his guilty plea, the other factors need not be considered. United States v. De Oliveira, 623 F.3d 593, 596 (8th Cir. 2010).

"The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." United States v. Harvey, 829 F.3d 586, 589 (8th Cir. 2016). "Although a defendant seeking to withdraw a plea before sentencing is given a more liberal consideration than someone seeking to withdraw a plea after sentencing, a defendant has no absolute right to withdraw a guilty plea before sentencing, and the decision to allow or deny the motion remains within the sound discretion of the trial court." United States v. Embrey, 250 F.3d 1181, 1183 (8th Cir. 2001).

A guilty plea is constitutionally valid only if it is made "voluntarily and intelligently." Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). The United States Supreme Court has set forth the standard as to voluntariness:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970).

Defendant was fully advised of the consequences of pleading guilty. I specifically asked him whether anyone had coerced him in any way or promised him anything other than what was in the plea agreement and he said "no." I found on the record at the plea hearing that his plea was voluntary. Nothing in the motion to withdraw shows otherwise.

A plea is intelligently made where the defendant "was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." Brady, 397 U.S. at 756, 90 S.Ct. at 1473.

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted . . . The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A

3

> defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

Brady, 397 U.S. at 756-57, 90 S.Ct. at 1473.

I fully advised the defendant at his change of plea hearing as to the consequences of pleading guilty. He testified under oath that he understood those matters. I found at the change of plea hearing that his plea was intelligently made and there is nothing in the record to contradict my finding.

At the change of plea hearing, defendant pleaded guilty to a superseding information charging tampering with a witness, a charge carrying a maximum sentence of 3 years imprisonment. Defendant faced a maximum sentence of 20 years imprisonment for the charge as set forth in the indictment.

At the change of plea hearing, defendant testified twice, while under oath, to facts that establish his factual guilt to the offense of having tampered with a victim. He also testified that he understood what was in the written factual basis statement before he signed it and that he had gone over it with his attorney before he signed it.

Defendant contends in his affidavit that, at his change of plea hearing, the hearing was stopped so that he could speak with his attorney, at which time he told his attorney that the factual basis statement was incorrect. That is not true. I have listened to the audio recording of the change of plea hearing. No such stoppage occurred. Defendant, without hesitation, indicated that the matters contained in the factual basis statement were true.

Defendant contends that he was assured that he would get a favorable sentence. Defendant testified at the change of plea hearing that no one promised him anything, other than what was in the plea agreement, in order to get him to plead guilty. He agreed that no other promises were made to him other than what was contained in the plea agreement. Misapprehension about the sentence he would likely receive "is not a fair and just reason to withdraw a plea, even if the confusion stemmed from erroneous legal advice." United States v. Briggs, 820 F.3d 917, 920 (8th Cir. 2016).

Defendant claims that he has been adamant in his assertion that he did not pressure or harass his niece into doing anything. He claims that he "simply asked his mother [Gale Brave Crow] to wait and report the incident after he had left her residence." However, he signed a

4

factual basis statement which recited that he "did intentionally harass" the victim, "thereby hindering, delaying, preventing, and dissuading" the victim from reporting the possible commission of a federal offense. The factual basis statement further recites that defendant "told the victim on several occasions not to speak to anyone about the incident, harassing the victim to the point that she did not know who she could trust." The factual basis statement further recites that the defendant "also persuaded his mother and others in the family to pressure the victim into not speaking to authorities or contact anyone regarding the incident . . . [t]his harassing behavior continued for multiple days." As set forth previously, the defendant testified under oath that the foregoing was true. His current assertion of innocence "does not constitute a fair and just reason to grant withdrawal." United States v. Harvey, 829 F.3d at 590.

It was not until the sentencing hearing that the Court became aware that the defendant was not satisfied with what had transpired. At that hearing, counsel for the defendant moved to withdraw on the basis that communication had irrevocably broken down between the attorney and the defendant. Of course, by that time the defendant was now aware that the guideline range calculated in the presentence investigation report was 30 – 36 months and that the Court was considering an upward departure or variance, probably resulting in a 36 month sentence. "Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea." United States v. Teeter, 561 F.3d 768, 770-71 (8th Cir.2009) (*quoting* United States v. Stuttley, 103 F.3d 684, 686 (8th Cir.1996)).

Defendant has not demonstrated any fair and just reason for withdrawal of his guilty plea. Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 170, to withdraw plea is denied.

Dated this 7th day of December, 2016.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge